THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>               Plaintiffs,<br><br>   v.<br><br>JAMES K. JEFFERSON,<br><br>               Defendant. | CASE NO. C19-0211-JCC<br><br>ORDER |

This matter comes before the Court on Plaintiff's motion for summary judgment (Dkt. No. 18). Having thoroughly considered the briefing and the relevant record, and finding oral argument unnecessary, the Court hereby GRANTS the motion for the reasons explained herein.

**I.   BACKGROUND**

Plaintiff brought this action to obtain an *in rem* money judgment and foreclose a deed of trust on real property[1] owned by Defendant. (*See generally* Dkt. No. 1.) According to the complaint, the United States Department of Housing and Urban Development ("HUD")

---

[1] The legal description of the property is as follows:

> Lot 2, block C, "Plat of Georgia Manor, Whatcom County, Washington" according to the plat thereof, recorded in volume 8 of plats, page 93, in the Auditor's office of said county and state, containing 0.20 acre, more or less. Situate in Whatcom County, Washington.

(Dkt. No. 1-3 at 2.)

ORDER
C19-0211-JCC
PAGE - 1

guaranteed repayment of Defendant's note to the original lender, M & T Bank, based on an Indian Loan Guarantee Certificate. (*Id.* at 2–3.) Defendant first defaulted on the note in 2008, shortly after M & T made the loan. (*Id.* at 3.) Following a 2009 loan modification agreement between Defendant and M & T, Defendant again defaulted. (*Id.* at 3–4.) After the Lummi Tribe declined to exercise its right of first refusal to acquire the delinquent debt, M & T submitted a claim to HUD for insurance benefits. (*Id.* at 4.) HUD paid M & T the principal and accrued interest outstanding at the time, $226,863.09, and M & T assigned the promissory note and deed of trust to HUD. (*Id.* at 5.)

The Department of Justice undertook collection efforts on HUD's behalf without success. (*Id.*) Defendant declared bankruptcy in 2015, which automatically stayed collection actions. (*See* Dkt. No. 10 at 5.) The bankruptcy action resolved in December 2015. (*See* Dkt. No. 20-1 at 1–2.) It resulted in a discharge of Defendant's *in personam* liability but had no impact on HUD's *in rem* rights to the note and deed of trust. (*Id.*) The Department of Justice again attempted to collect on the outstanding note, without success. (*See* Dkt. No. 3-11.) Plaintiff then filed the instant action. (*See generally* Dkt. No. 1.)

Plaintiff originally moved for summary judgment in March 2020. (Dkt. No. 18.) Consideration of the motion was stayed by another bankruptcy petition filed by Defendant, as well as President Biden's COVID-based eviction moratorium, both of which have since lapsed. (*See* Dkt. Nos. 26, 28, 29, 30.) Plaintiff's motion is now ripe for a decision.

## II. DISCUSSION

### A. Legal Standard

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is material if it "might affect the outcome of the suit under the governing law," and a dispute of fact is genuine if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

"[T]he moving party bears the "initial responsibility of informing the district court of the basis for [its] motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits which [it] believe[s] demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). In response, the nonmoving party must "go beyond the pleadings and by [its] own affidavits, or depositions, answers to interrogatories, and admissions on file, 'designate' specific facts showing that there is a genuine issue for trial." *Id.* at 324 (internal citations omitted).

      **B.**     **Analysis**

In supporting its motion for summary judgment, Plaintiff relies on admissions contained in Defendant's Answer. (*See* Dkt. No. 18 at 2–12.) Defendant's Answer admits that he is in default, that the deed of trust remains an unsatisfied lien on the property, and that HUD paid M & T's insurance claim of $226,863.09. (Dkt. No. 10 at 2–5.) Plaintiff also relies on Defendant's failure to respond to Plaintiff's Requests for Admission under Rule 36 that HUD presently holds the note and deed of trust, that HUD paid M & T Bank's insurance claim pursuant to the Indian Loan Guaranty Certificate, and that Defendant has made no payments on the note since HUD acquired it and the deed of trust. (*See* Dkt. No. 20-2 at 8.)

Plaintiff provides evidence that it properly served its Requests for Admission *and* that Defendant was aware of his need to respond, based upon a telephone call he had with Plaintiff's counsel. (*See* Dkt. No. 20 at 2, 11.) A matter is admitted unless answered within thirty days after the request for admission is served. Fed. R. Civ. P. 36(a)(3). Therefore, the Court considers Defendant's failure to respond as admissions. The admissions described above—both those included in Defendant's answer and those deemed admitted by his failure to respond—when coupled with the declarations and documents Plaintiff submitted to the Court, (*see* Dkt. Nos. 1-1–1-11, 19, 19-1, 20, 20-1), adequately support Plaintiff's motion for summary judgment. *See Celotex Corp. v. Catrett*, 477 U.S. at 323.

To avoid summary judgment, Defendant must either put forth legal argument defeating Plaintiff's argument or sufficient evidence to establish a genuine issue for trial. Defendant does neither. Instead, he describes "extenuating circumstances" associated with his default, without sufficient detail for the Court to understand what those circumstances might be. (Dkt. No. 32 at 1.) He also alleges that M & T "cheated [Defendant] out of his opportunity to pay off his debt." (Dkt. No. 32 at 1.) But Defendant provides no *evidence* to support this allegation. (*See generally id.*) Self-serving statements will not suffice. *Nigro v. Sears, Roebuck and Co.*, 784 F.3d 495, 497 (9th Cir. 2015).

### III.   CONCLUSION

For the foregoing reasons, the Court GRANTS Defendant's motion for summary judgment (Dkt. No. 18). The Court declines any request from Defendant for oral argument on the motion,[2] as oral argument would be fruitless in this instance. *See Jasinski v. Showboat Operating Co.*, 644 F.2d 1277, 1278 (9th Cir. 1981).

The Court AWARDS to Plaintiff the following *in rem* relief against the property:

1. A money judgment in the amount of $226,863.09, plus interest after the date of judgment at the statutory rate prescribed by 28 U.S.C. § 1961 until paid in full;

2. Payment of the United States' reasonable attorney's fees and costs in this action and expenses of any nature whether incurred in or out of court, including but not limited to costs for any foreclosure report or sale and all other expenses incurred by the United States from time to time which are necessary and proper in connection with the administration, supervision, preservation, protection of, or realization upon, the property described in the deed of trust;

The Court DECREES as follows:

---

[2] Defendant did not satisfy the Local Rules' requirements for requests for oral argument on a motion. *See* W.D. Wash Local Civ. R. 7(b)(4) (indicating that the following statement must be contained in the caption: "ORAL ARGUMENT REQUESTED."). But a liberal interpretation of his opposition brief, consistent with *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), could suggest that he did. (*See* Dkt. No. 32 at 2 (Defendant asks the Court to allow "both sides to be heard in court.").)

ORDER
C19-0211-JCC
PAGE - 4

1. The money judgment is a first and prior lien upon the property;

2. Defendant's interest in the property is inferior to that of the United States;

3. Defendant and all persons claiming by, through, or under him are forever barred and foreclosed from asserting any title or interest in and to the property described in the deed of trust, except to the extent that Defendant has a right of redemption.

The Court ORDERS the following:

1. The deed of trust be foreclosed and the property be sold by the United States Marshal for the Western District of Washington in the manner provided by law; that the parties hereto be allowed to bid at the said foreclosure sale; that the United States be allowed to credit bid its judgment in lieu of cash; that the purchaser at the sale be issued a Certificate of Purchase and be let into possession of the property; and that the Marshal issue a Marshal's Deed to the purchaser at the termination of the redemption period;

2. Sale proceeds are first to be applied to the costs and expenses of the foreclosure sale, and, second, in satisfaction of the sums found to be due to the United States;

3. The United States' recovery shall be limited to the sale proceeds.

4. After the automatic stay of proceedings to enforce a judgment, the United States may present a motion for order of sale.

DATED this 8th day of October 2021.

*/s/ John C. Coughenour*
John C. Coughenour
UNITED STATES DISTRICT JUDGE