THE HONORABLE JOHN C. COUGHENOUR

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>           Plaintiff,<br><br>  v.<br><br>JAMES K. JEFFERSON,<br><br>           Defendant. | CASE NO. C19-0211-JCC<br><br>DECREE OF FORECLOSURE AND ORDER OF SALE |

In accordance with the Court's prior order granting the United States' motion for summary judgment (Dkt. No. 34) and its Judgment *in rem* (Dkt. No. 35), it is hereby ORDERED as follows:

The United States Marshal or Acting United States Marshal for the Western District of Washington (and his or her successor(s) in office) (hereafter "Marshal") shall sell the Property located in Whatcom County, Washington, more particularly described as:

> Lot 2, block C, "Plat of Georgia Manor, Whatcom County, Washington" according to the plat thereof, recorded in volume 8 of plats, page 93, in the Auditor's office of said county and state, containing 0.20 acre, more or less. Situate in Whatcom County, Washington.

The Property is further identified by Whatcom County Assessor's parcel no. 380134-459554-000, and as allotment no. 107-1041 by the Bureau of Indian Affairs.

The procedures and terms for the sale of the Property shall be as follows:

1. The Marshal shall provide notice of this Order to Defendant James K. Jefferson, and to any other resident(s) of the Property by hand delivery or by leaving a copy of it in a prominent location on the Property.

2. The Marshal shall file his/her Return of this Order of Foreclosure Sale within ninety (90) days after the date of this Order, reporting the actions taken under this Order.

3. The sale shall be conducted in accordance with the law and practice of this Court.

4. The Marshal or his/her representative are authorized and directed under 28 U.S.C. §§ 2001 and 2002 to offer for public sale and to sell the Property. The Marshal or his/her representative are authorized to freely access the Property and take all actions necessary to preserve the Property, including, but not limited to, retaining a locksmith or other person to change or install locks or other security devices on any part of the Property, until the deed to the Property is delivered to the purchaser at the foreclosure sale.

5. The United States or any party to the suit may become a purchaser at the sale and the Marshal shall execute a Marshal's Certificate of Purchase to the Property in favor of the purchaser, and the purchaser will be let into possession of the premises upon production of the Marshal's Certificate of Purchase. In the event the United States, including its agency, the Department of Housing and Urban Development (HUD), is a successful bidder on the Property, it shall have the right to apply its judgment credits in lieu of cash thereon, and the Marshal is authorized to accept such an arrangement.

6. The terms of the sale of the Property shall be as follows:

   a. The sale of the Property shall be free and clear of the interest of Mr. Jefferson, except to the extent that he has a right of redemption under Washington Revised Code chapter 6.23 or excess funds under Washington Revised Code chapter 6.21. The redemption period shall be 12 months.

   b. The sale shall be subject to 12 U.S.C. § 1715z-13a(h)(2), which allows sale of the Property only to "an eligible tribal member, the [Lummi] [T]ribe, or the [Lummi

Housing Authority].” The sale shall also be subject to building lines, if established; all laws, ordinances, and governmental regulations (including building and zoning ordinances) affecting the Property; and easements and restrictions of record, if any.

c. The sale shall be held at the courthouse of the county in which the Property is located, on the Property's premises, or at any other place in accordance with the provisions of 28 U.S.C. §§ 2001 and 2002 and shall be announced in the Notice of Sale.

d. The date and time for the sale shall be announced by the Marshal, or his/her representative, in the Notice of Sale.

e. The Notice of Sale shall be published once a week for at least four consecutive weeks before the sale in at least one newspaper regularly issued and of general circulation in Whatcom County, and, at the discretion of the Marshal or his/her representative, by any other notice deemed appropriate. The notice shall contain a description of the Property; the time, date, and location of the sale as determined by the Marshal or his/her representative; the minimum bid as determined by the United States; and the terms and conditions of sale listed in subparagraphs (g)-(l) below.

f. The minimum bid for the Property shall be set by the United States. If the minimum bid is not met or exceeded, the Marshal or his/her representative, with concurrence of the United States, may without further permission of this Court, and under the terms and conditions in this order of sale, hold a new public sale, if necessary, and reduce the minimum bid as set by the United States, or sell to the highest bidder.

g. The sale of the Property shall be subject to confirmation by this Court. The Marshal shall file a report of sale with the Court, together with a proposed order

of confirmation of sale and proposed deed, within thirty (30) days from the date of receipt of the balance of the purchase price.

    h.  On confirmation of the sale, the Marshal shall execute and deliver a deed of judicial sale conveying the Property to the purchaser.

    i.  On confirmation of the sale, all interests in, liens against, or claims to, the Property and appurtenances that are held or asserted by all parties to this action are discharged and extinguished, except to the extent that Mr. Jefferson has a right of redemption under Washington Revised Code chapter 6.23.

    j.  On confirmation of the sale, the recorder of deeds, the Bureau of Indian Affairs (BIA), U.S. Department of the Interior, shall cause transfer of the Property and appurtenances to be reflected upon the BIA's register of title.

    k.  Any party to this suit may become a purchaser at such sale. The United States may bid as a credit against its judgment without tender of cash.

    l.  The sale shall be "as is" without warranty of any kind.

7.    Until the Property is sold, Mr. Jefferson shall take all reasonable steps necessary to preserve the Property (including all buildings, improvements, fixtures and appurtenances on the Property) in its current condition including, without limitations, maintaining a fire and casualty insurance policy. He shall not commit waste against the Property or cause or permit anyone else to do so. He shall not do anything that tends to reduce the value or marketability of the Property or cause or permit anyone else to do so. He shall not record any instruments, publish any notice, or take any other action (such as running newspaper advertisements or posting signs) that may directly or indirectly tend to adversely affect the value of the Property or that may tend to deter or discourage potential bidders from participating in the public auction, nor cause or permit anyone else to do so.

8.    All persons occupying the Property shall leave and vacate the Property permanently within thirty (30) days of the date of this Order, each taking his or her personal

property (but leaving all improvements, buildings, fixtures, and appurtenances to the Property). If any person fails or refuses to leave and vacate the Property by the time specified in this Order, the Marshal's Office is authorized to take whatever action it deems appropriate to remove such person from the premises. Specifically, the Marshal (or his/her designee) is authorized and directed to take all actions necessary to enter the Property at any time of the day or night and evict and eject all unauthorized persons located there, including Mr. Jefferson, or any other occupants. To accomplish this and to otherwise enforce this Order, the Marshal (or his/her designee) is authorized to enter the Property and any and all structures and vehicles located thereon, and to use force as necessary. When the Marshal concludes that all unauthorized persons have vacated, or been evicted from the Property, he/she shall relinquish possession and custody of the Property to the United States, or more specifically to HUD, or its designee. No person shall be permitted to return to the Property and/or remain thereon without the express written authorization by the Marshal, HUD, or the United States Department of Justice, or their respective representatives and/or designees. Unauthorized persons who re-enter the Property during the time this Order is in effect may be ejected by the Marshal without further order of the Court.

9. If any person fails or refuses to remove his or her personal property from the Property by the time specified herein, the personal property remaining on the Property thereafter is deemed forfeited and abandoned, and the Marshal's Office is authorized to remove it and dispose of it in any manner it deems appropriate, including sale, in which case the proceeds of the sale of personal property are to be applied first to the expenses of the sale and the balance to be paid into the Court for further distribution.

10. The proceeds from the sale of the Property shall be paid to the Clerk of this Court and applied as far as they shall be sufficient to the following items, in the order specified:

    a. To the United States for the costs of the sale, including the costs and commissions of the United States Marshal and any professional auctioneer if retained and the

costs of preserving, advertising, selling, and conveying the Property incurred by the United States.

b. To the United States to be applied to the Judgment plus all interest and costs due and owing thereon.

c. Any balance remaining after the above payments shall be held by the Clerk until further order of the Court.

DATED this 4th day of January 2022.

John C. Coughenour
UNITED STATES DISTRICT JUDGE